HENRY H. ALLEN, ET AL. *v.* J. G. ALLEN.

[Abstract Kentucky Law Reporter, Vol. 4—987.]

**Widow's Use of Lands of Her Husband's Estate.**

> The accumulations upon the farm of her late husband by the widow, by her labor and that of her children or those employed by her, do not become a part of the estate.

**Dower of Widow.**

> If dower is given to a widow in an action to sell the real estate of her late husband, it is binding upon all parties to such proceeding, whether she is entitled to dower or not, and it can not be questioned by them after sixteen years from the date of such judgment.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

May 10, 1883.

OPINION BY JUDGE PRYOR:

We are not prepared to say that the judgment below is erroneous in any particular except in reference to the charge against appellants on account of the land sold by the chancellor after the death of the devisor and purchased by Mrs. Allen. She paid the purchase-money into court and the proceeds of sale were divided between the parties in interest. Near sixteen years had elapsed from the conveyance by the court's commissioner to Mrs. Allen of this land, and eight or nine years after she had conveyed it to her children. She had converted the money, as they now allege, to her own use by investing it in this land and having the deed made to herself when the purchase was for the estate. There is no proof that Mrs. Allen used $585 of the money of the estate in paying for this land, but on the contrary the answer of the appellants shows how the land was paid for, and that no part of it belonged to testator's estate, and the reply of the appellee admits the facts as stated with reference to the tobacco. Her accumulations upon the farm from the labor of herself and children, or the labor of those employed by her, did not become a part of the estate, and we see nothing in the record authorizing such a conclusion. Whether she was entitled to dower in the real estate undevised it is not now necessary to determine. The action in which the land was sold gave her a dower interest. These appellants

were parties to that proceeding, and after sixteen years from the judgment it is now insisted that the order allowing the widow a part of the proceeds of sale was erroneous. Such an attack can not be made upon the judgment, and for the error indicated the judgment must be *reversed* with directions to exclude from the account the charge of $585, and the cause remanded for that purpose.

*Sandige & Allen, J. & J. W. Rodman, for appellants.*